

FILED
OCT 07 2011
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| JUST FIDDLER, | ) | Case No. 11-3024 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOREAU-GRAND ELECTRIC | ) | **COMPLAINT** |
| COOPERATIVE, INC., a domestic public utility, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now Plaintiff Just Fiddler, by and through his counsel, and for his Complaint states and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*

2. Plaintiff also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, 29 U.S.C. § 216, 29 U.S.C. §§ 1101 – 1461 and 21 U.S.C. § 1132(e)(1).

3. Venue is proper in accordance with 28 U.S.C. § 1391(b) in that a substantial part of the events or commissions giving rise to the claim occurred within the boundaries of the Central Division.

4. The Plaintiff filed a formal discrimination complaint with the South Dakota Division of Human Rights on January 10, 2011. Plaintiff has complied with all administrative prerequisites, which are necessary to file a lawsuit, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, in that he filed an appropriate Charge of

431310 / 09973.0002

Discrimination within the applicable time frames, hence, he has exhausted all pertinent administrative procedures.

5. Plaintiff received a right to sue letter on July 12, 2011.

## PARTIES:

6. Plaintiff Just Fiddler, (hereinafter referred to as "Plaintiff"), is a Native American male and resident of Dewey County, South Dakota.

7. Defendant Moreau-Grand Electric Cooperative, Inc., a domestic public utility (hereinafter referred to as "Moreau") is a South Dakota corporation existing under and by the virtue of laws of the State of South Dakota and located in Dewey County, South Dakota.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION:

8. Moreau is a domestic public utility providing electricity and related services to the South Dakota counties of Corson, Dewey and Ziebach.

9. Moreau also serves the Cheyenne River Reservation and portions of the Standing Rock Indian Reservation.

10. Plaintiff is an enrolled member of the Cheyenne River Sioux Tribe.

11. Plaintiff has an education and background in power line work, graduating from Mitchell Technical Institute as an apprentice lineman in May of 2007.

12. Plaintiff approached Ken Larson (hereafter referred to as "Larson"), the hiring director at Moreau, about doing summer work in 2007. Larson told Plaintiff that he was overqualified for the position because it only involved cutting down trees. Larson discouraged Plaintiff from applying for the position.

13. Larson encouraged Plaintiff to apply elsewhere and told Plaintiff that he would get better experience working for Oahe Electric in Blunt, South Dakota.

14. Oahe Electric in Blunt, South Dakota, hired plaintiff. The position lasted for six months. Plaintiff became unemployed in October of 2007.

15. Plaintiff could not apply for lineman positions because there are few lineman positions available during the winter months.

16. Plaintiff contacted other companies and later took a position as a police officer to support himself, even though it was not his trained profession.

17. On or about September 10, 2010, Plaintiff noticed an ad for a lineman position with Moreau.

18. The deadline for applying for the position was September 17, 2010.

19. Plaintiff filled out an application, provided a cover letter and resume to Moreau prior to the September 17, 2010 deadline.

20. Plaintiff did not hear from Moreau regarding his application.

21. While Plaintiff was at a public gas station, he overhead two non-Native people discussing their interviews at Moreau for the lineman positions. Plaintiff knew one of the individuals had less experience than he did.

22. Plaintiff called Larson and asked him why he had not heard anything from Moreau. Larson told Plaintiff he would hear something shortly.

23. Plaintiff received a letter at the end of September stating he was not selected for an interview at Moreau.

24. Plaintiff was upset because he knew one of the applicants who was interviewed had less experience than he did.

25. Plaintiff spoke to his father, Larry Fiddler, about the situation. Larry Fiddler approached one of the Board Members at Moreau and asked him why Plaintiff was not hired.

The Board Member said Ken Larson told the Board that Plaintiff had interviewed poorly and used foul language.

26. Larry Fiddler told the Board Member that Plaintiff had never been given an interview.

27. Plaintiff also learned of another Native American applicant who was not selected for an interview who had approximately three years' experience and had more experience than the non-Native applicants who received interviews.

28. Plaintiff believes he was not interviewed or hired because of his race.

## CAUSES OF ACTION

### COUNT 1- SECTION 1981 VIOLATION, 42 U.S.C. § 1981

29. Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and alleges that:

30. Moreau's conduct and behavior toward Plaintiff constitute racial discrimination, prohibited under the terms used in 42 U.C.S. § 1981, and described by applicable case law.

31. Plaintiff's race was a motivating factor in Moreau's actions.

32. Because of the racial discrimination by Moreau, Plaintiff was not interviewed nor hired by Moreau.

### COUNT 2 – DISCRIMINATION

33. Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and alleges that:

34. Plaintiff was discriminated upon because of his race.

35. Such conduct is an unlawful employment practice in violation of 42 U.S.C. §2000e-2(a)(1) provides that it is unlawful for an employer to "fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race…sex…."

36. Plaintiff is a member of a protected class.

37. Plaintiff was duly qualified for the position.

38. Plaintiff was more qualified than some of the non-Native individuals that were interviewed for the position by Moreau.

39. Plaintiff was more qualified than the non-Native individuals that were hired for the position at Moreau.

40. As a result of Moreau's violations under 42 U.S.C. § 2000e *et seq.*, Plaintiff has suffered past and present loss of income, loss of benefits, loss of job tenure, mental anguish, humiliation, embarrassment, loss of self esteem and loss of enjoyment of life.

41. As a result, Plaintiff is entitled to damages in an amount to be determined at trial, in addition to his costs, disbursements and attorney fees incurred herein.

## COUNT 3 – SLANDER

42. Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and alleges that:

43. Moreau, through its agent Larson, slandered Plaintiff.

44. Larson communicated to the members of the Board of Moreau that Plaintiff had been given an interview and that he had used foul language during the interview thereby defaming him with the Board.

45. Plaintiff was never given an interview and never used any foul language.

46. Because of Moreau's illegal conduct, Plaintiff is entitled to damages in an amount to be determined at trial, in addition to his costs and disbursements.

47. Plaintiff is entitled to recover, but is not necessarily limited to, actual, consequential and punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues of fact in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Moreau as follows:

A. For compensatory damages arising from the past, present, and future loss of income, including loss of benefits, loss of career development, mental anguish, humiliation, embarrassment, loss of self esteem, loss of enjoyment of life, loss of job tenure and emotional distress in an amount to be determined at trial;

B. For an order of the court awarding Plaintiff her back pay, front pay, attorney's fees, costs and disbursements incurred herein as allowed by law;

C. For punitive damages; and

D. For such other relief as the court deems just and equitable.

Dated: October 7, 2011.

GUNDERSON, PALMER, NELSON
& ASHMORE, LLP

By: _____
Shiloh M. MacNally
Attorneys for plaintiff, Just Fiddler
440 Mt. Rushmore Road
P.O. Box 8045
Rapid City, SD  57709
Telephone: (605) 342-1078
Telefax:  (605) 342-0480
E-mail:  smacnally@gpnalaw.com